

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable H. M. Wilder
County Attorney
Live Oak County
George West, Texas

Dear Sir:

Opinion No. O-3262
Re: Whether school children
residing in county line district
of county (such district not
being under the control of that
county) should be considered in
determining salary of the county
school superintendent.

This will acknowledge your letter of March 14, 1941, requesting the opinion of this department as to whether or not school children residing in a county line school district controlled by a county other than that of their residence should be considered in determining the salary of the county school superintendent of the county where they reside. We appreciate receiving your opinion and supporting brief.

Articles 2700 and 2700.1 (House Bill 364, Acts 1941), Vernon's Annotated Civil Statutes, read, in part, as follows:

"The county superintendent(s) shall receive from the available school fund of their respective counties annual salaries based on the scholastic population of such counties, as follows:"

Note that salaries are to be based upon the scholastic population of the county. The salary is not to be determined by the number of school districts in the county nor the population of those school districts under the control of the county superintendent. The only basis is the number of scholastics resident in a county.

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable H. M. Wilder, page 2

As you pointed out in your brief, Article 2818 of the Revised Civil Statutes, provides the method of taking the scholastic census of county line school districts and there is provided for a separate enumeration of the scholastics in each county of a county line school district.

In Austin Independent School District v. Marrs, (Com. App., 1931) 41 S.W. (2d) 9, the question was whether or not an independent school district of a county was required to contribute to the salary of a county school superintendent, such superintendent having no control over the affairs of the district. The court held that it was, saying:

"It cannot be successfully denied that all the public schools of every school district in a given county are now, and were when the act of 1930 was passed, the immediate beneficiaries of various duties which the county superintendent is required to perform in the promotion of public school affairs throughout the county. For instance, of those duties imposed upon him by law which relate: (1) To the apportionment of the income arising from the county available school fund; (2) to the transfer of pupils from one school district to another; (3) to the matter of scholastic census; and (4) to the examination of applicants for teachers' certificates, and to the issuance and recordation of such certificates. . . . The services which the law requires the county superintendent to perform in the respects above mentioned have direct relation to school matters of common concern to all the public schools of the county. . . ."

The conclusion is inescapable that the Legislature has made the basis of determining a county superintendent's salary the number of scholastics residing in the county. We think this is a fair and reasonable basis of determination, even though some of such scholastic residents are in a county line school district under the control of another county.

Honorable H. M. Wilder, page 3

It is therefore our opinion and you are advised that those school children residing in a county line school district of a county should be considered in determining the salary of the county superintendent of the county of their residence.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By James D. Smullen
James D. Smullen
Assistant

JDS:AMM

APPROVED
OPINION
COMMITTEE
BY ____
CHAIRMAN

APPROVED AUG 26, 1941

Gerald C. Mann

ATTORNEY GENERAL OF TEXAS